# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| CURTIS L. WESTBROOK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CAUSE NO. 1:14-cv-9-WTL-DML |
| ) | |
| KEIHIN AIRCON NORTH AMERICA, ) | |
| ) | |
| Defendant. ) | |

## ENTRY ON DEFENDANTS' MOTIONS

This cause is before the Court on two motions filed by Defendants Keihin Aircon North America, Inc., ("Keihin") and Donald "D.J." Sanders: a motion for partial judgment on the pleadings (dkt. no. 47) and a motion to dismiss (dkt. no. 75). Both motions are fully briefed and the Court, being duly advised, rules as follows.

## MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS (Dkt. No. 47)

In his Amended Complaint, Westbrook alleges that he

> was a temporary-to-hire employee via First Call Staffing Agency of Muncie, IN. Plaintiff had been employed 90+ days and had been approved for full-time hire by [Keihin]. However, on Jan. 6, 2012, Plaintiff decided to go home prior to the start of his shift and clocked out. Prior to clocking out, Plaintiff had [a] short conversation with First Call Staffing rep Kerri Branum and line supervisor Pam Nash. Within 15 minutes of clocking out, the Plaintiff received a phone call from Kerri indicating [Sanders] did not want me to return.

Westbrook asserts three claims: (1) "the Defendants conspired together to terminate the Plaintiff's employment and thus injuring the Plaintiff financially and oppressed the Plaintiff during his employment and terminated the Plaintiff's employment in retaliation of his exercise of his rights and privileges"; (2) "the Defendants deprived the Plaintiff of his right and privilege to clock out and go home after notifying the proper personnel. The Defendant's termination of the

Plaintiff's employment was clearly retaliation"; and (3) "Defendant violated Plaintiff's rights and privileges regarding right to apply for and enjoy employment." As supporting facts, the Plaintiff lists the following:

- Plaintiff had stellar 90 day employment record

- Plaintiff assigned quality inspector position v. assembly

- Plaintiff worked xtra [sic] hours compared to co-classmates

- Plaintiff's education, related training, related experience, and related skills superior to many

- Defendants inquired of Plaintiff's actions on 2 occasions: (1) using rear restroom (no to use = sign missing); (2) move car from handicapped parking section (harassed Pl.)

- Defendants passed over Plaintiff during hiring

- Plaintiff notified Kerri Branum and Pam Nash of his leaving

- Plaintiff was exercising his right to leave privilege

- The Plaintiff talked with and notified First Call Representative Kerri Branum and Line 2 supervisor Pam Nash of his decision to not work prior to the start of the shift. The Plaintiff has no attendance issues or disciplinary conduct issues.

- In lieu of any other disciplinary action the Defendant could have chosen, given the lack of personnel record by the Plaintiff and the education experience, training and skill levels of the Plaintiff, the Defendant surely could have opted for other options. However, the lack of personnel record, the stellar 90+ days of employment, experience of Plaintiff and the failure of the Defendant to hire the Plaintiff at the 1st available opportunity and the hiring of many less qualified candidates clearly indicates the Defendant violated the [Plaintiff's] right to [employment].

Westbrook cites to the following statutes in his Amended Complaint: 18 U.SC. §§ 241, 242, 245; 42 U.S.C. §§ 1981, 1983, 1985, and 1988. The Defendants move for judgment on the pleadings on the pleadings as to all of the claims asserted by Westbrook except his claim under 42 U.S.C. § 1981.

*Applicable Standard*

The Defendants' motion is brought pursuant to Federal Rule of Civil Procedure 12(c). In reviewing a motion for judgment on the pleadings, the Court applies the same standard as that applied to a motion to dismiss for failure to state a claim brought pursuant to Rule 12(b)(6). *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007). The Court "must accept all well pled facts as true and draw all permissible inferences in favor of the plaintiff," *Agnew v. National Collegiate Athletic Ass'n*, 683 F.3d 328, 334 (7th Cir. 2012), and determine whether the complaint provides the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)) (omission in original). In addition, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Agnew*, 683 F.3d at 334 (citations omitted). A complaint's factual allegations are plausible if they "raise the right to relief above the speculative level." *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 556 (2007).

*Claims under 18 U.S.C. §§ 241, 242, and 245*

The Defendants correctly point out that 18 U.S.C. §§ 241, 242, and 245 are criminal statutes that do not provide for a private right of action. Therefore Westbrook cannot bring a civil suit for violation of them; rather the statutes authorize the United States to criminally prosecute those who violate them. Accordingly, the Defendants' motion for judgment on the pleadings is **GRANTED** as to Westbrook's claims for violation of these statutes.

*Claim under 42 U.S.C. § 1983*

Westbrook also purports to bring a claim under 42 U.S.C. § 1983. Again, the Defendants are correct that Westbrook may not pursue such a claim in this case. Section 1983 applies only

to actions taken "under color of state law." Such claims can be maintained against "state and local employees, and sometimes their employer, and sometimes other state and local agents, for violating federal rights." *Belbachir v. County of McHenry*, 726 F.3d 975, 978 (7th Cir. 2013). Keihin is not a state or local governmental entity; nor is there any indication in the Amended Complaint that the Defendants were acting as an agent of or in concert with such a governmental entity at any relevant time or as to any relevant action. Accordingly, Westbrook cannot bring a § 1983 claim against the Defendants, and the motion for judgment on the pleadings is **GRANTED** as to that claim.

*Claim under § 1985*

With regard to Westbrook's claim under 42 U.S.C. § 1985, the only provision of § 1985 that possibly applies to Westbrook's allegations is § 1985(3) which provides, in relevant part:

> If two or more persons . . . conspire . . . for the purpose of depriving, either directly or indirectly, any person . . . of equal protection of the laws, or of equal privileges and immunities under the laws . . . [and] do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

Westbrook alleges in his Amended Complaint that "the Defendants conspired together to terminate the Plaintiff's employment and thus injuring the Plaintiff financially and oppressed the Plaintiff during his employment and terminated the Plaintiff's employment in retaliation of his exercise of his rights and privileges." In a document Westbrook filed to clarify the allegations in his Amended Complaint (found at Docket No. 29), he describes his § 1985 claim as alleging that Defendant Sanders conspired with "First Call representative Kerri Branum."

The Defendants advance several reasons why they believe they are entitled to judgment on the pleadings as to Westbrook's claim under 42 U.S.C. § 1985. First, they argue that the

4

claim should be dismissed because the Amended Complaint contains no facts that suggest that Westbrook's allegation of a conspiracy is plausible, but rather makes only a conclusory allegation. Given the fact that "the pleading standards for *pro se* plaintiffs are considerably relaxed," *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1027 (7th Cir. 2013), and complaints drafted by *pro se* litigants are construed liberally and held to a less stringent standard than those drafted by lawyers, *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011), Westbrook's § 1985 claim is not subject to dismissal on that basis.

Next, the Defendants argue, correctly, that actions that they took together cannot form the basis of a conspiracy claim because, as an employee of Keihin, the actions of Sanders were the actions of Keihin and there cannot be a conspiracy of one. However, as noted above, Westbrook has clarified that he is alleging that Sanders conspired with Kerri Branum, who was not a Keihin employee.

The Defendants next argue that Westbrook's § 1985(3) claim fails as a matter of law because he alleges a conspiracy to violate his rights under 42 U.S.C. § 1981 and "'for a private conspiracy to be actionable it must affect the Thirteenth Amendment right to be free from involuntary servitude, and, in the same Thirteenth Amendment context, the right of interstate travel.'" Defendants' Brief at 9 (quoting *Brokaw v. Mercer County*, 235 F.3d 1000, 1024 (7th Cir. 2000)). The Defendants are correct that there is non-binding authority to support their argument; as they recognize, there is non-binding authority to the contrary as well, and (as they also recognize) the language they quote from the Seventh Circuit is *dicta*. Although it is by no means a clear-cut issue, the Court does not believe that Supreme Court precedent supports the extremely narrow reading of § 1985(3) urged by the Defendants and finds more persuasive the

5

authority that holds to the contrary. *See, e.g.*, *Wells v. Rhodes*, 928 F. Supp.2d 920, 930 (S.D. Ohio 2013).

The Supreme Court has recognized only two *constitutional* rights that can be violated by purely private action—that is, action that does not involve the government in any way—and has held (not surprisingly) that individuals cannot be subject to tort liability for conspiring to violate constitutional rights that they cannot, as individuals, violate. The Supreme Court has not held that a § 1985(3) claim cannot be based upon a conspiracy to violate a federal *statutory* right, however. In fact, in *Great American Federal Sav. & Loan Ass'n v. Novotny*, 442 U.S. 366 (1979), the Supreme Court examined the issue of whether a conspiracy to violate Title VII rights can form the basis of a § 1985(3) claim. Six justices agreed that it did not. However, only the two concurring justices held that § 1985(3)'s "reach is limited to conspiracies to violate those fundamental rights derived from the Constitution." *Novotny*, 442 U.S. at 379 (Justice Powell, concurring); *see also id.* at 385 (Justice Stevens, concurring) ("Because I do not believe that statute was intended to provide a remedy for the violation of statutory rights . . . I agree with the Court's conclusion that it does not provide respondent with redress for injuries caused by private conspiracies to discriminate on the basis of sex ."). The plurality, to the contrary, based its holding on the fact that applying § 1985(3) to conspiracies to violate Title VII would impair the regulatory scheme enacted by Congress in Title VII, a concern that is not present with Westbrook's § 1981 claim.

Finally, the Defendants argue that Westbrook's § 1985 claim fails on statute of limitations grounds. Their argument is two-fold. First, they argue, correctly, that Westbrook's claim against Defendant Sanders was not timely because he was not named as a Defendant until Westbrook's Amended Complaint, which was filed after the expiration of the two-year statute of

limitations.  The doctrine of relation back cannot rescue Westbrook's claim against Sanders, as an amendment to add an additional party "relates back" only when

> (1) the claim asserted in the proposed amendment arises out of the same conduct set forth in the original pleading, and (2) the party to be added (a) received timely notice of the action such that he would not be prejudiced in maintaining a defense on the merits, and (b) knew or should have known that he would have been named as defendant "but for a mistake concerning the proper party's identity."

*Tatum v. RJR Pension Inv. Committee*, 761 F.3d 346, 372 (4th Cir. 2014) (quoting Fed.R.Civ.P. 15(c)(1)).  Westbrook may have made a mistake when he filed his initial complaint only against Keihin—perhaps he did not know that Sanders could be sued individually—but that is not the kind of "mistake concerning the proper party's identity" that supports relation back. Accordingly, Westbrook's § 1985(3) claim against Sanders is barred by the statute of limitations and the motion for judgment on the pleadings is **GRANTED** as to that claim.

With regard to Westbrook's § 1985(3) claim against Keihin, the Defendants argue that it is untimely as well because the original complaint was filed on January 7, 2014, the day after the two-year anniversary of the termination of Westbrook's employment.  However, as Westbrook notes, the court was closed on January 6, 2014, due to inclement weather.  Therefore the clerk's office was inaccessible on that day, triggering Federal Rule of Civil Procedure 6(3)(A). Westbrook's original complaint was timely.[1]  Accordingly, the motion for judgment on the pleadings is **DENIED** as to Westbrook's § 1985(3) claim against Keihin.

---

[1] Keihin expressly does not concede that the § 1985 claim against it relates back to the original complaint.  However, it does not argue that it does not relate back; accordingly, the issue is not before the Court and the Court takes no position on it.

7

*Citation to § 1988*

Finally, Westbrook cites to 42 U.S.C. § 1988 in his Amended Complaint. As the Defendants correctly note, § 1988 does not create a cause of action, but simply provides for an award of attorney fees under certain circumstances. Because there is no such thing as a § 1988 "claim," there is no claim on which to enter judgment on the pleadings. The issue of whether an award of fees is appropriate under § 1988 is an issue decided by the Court after the merits of the underlying claims are decided. The Court notes, however, that the Defendants are correct that pro se litigants are not entitled to an award of attorney fees under § 1988.

*Conclusion*

The Defendants' motion for judgment on the pleadings is **GRANTED** as to Westbrook's claims under 18 U.S.C. §§ 241, 242, and 245, 42 U.S.C. § 1983, and his claim against Sanders under 42 U.S.C. § 1985. It is **DENIED** in all other respects. The only claims that remain in this case are Westbrook's claim against both Defendants under 42 U.S.C. § 1981 and his claim against Keihin under 42 U.S.C. § 1985(3).

**MOTION TO DISMISS (Dkt. No. 75)**

In its Motion to Dismiss with Prejudice Pursuant to Rule 37(d), Keihin asks the Court to dismiss this case as a sanction for Westbrook's willful failure to attend his own deposition. There is no question that Keihin was entitled to depose Westbrook; there is also no question that Keihin's counsel complied with their obligation to attempt to schedule the deposition on a date agreeable to Westbrook. Counsel's first email proposing several dates was met with silence; Westbrook's response to counsel's follow-up email several days—"Mr. Hollis, I am not interested in responding to your schedule of dates available to me for you to depose me until the Court has ruled on the more important issues before it."—was inappropriate both in tone and in

content. Westbrook's attitude did not improve after defense counsel informed him that he had scheduled the deposition for September 9th, which was his right after Westbrook refused to cooperate in choosing a date; he initially responded "Have at it," and then, when asked whether that meant he would or would not attend his deposition, he responded "You appear to be calling the shots in this litigation, even as it [sic] if you were representing the Plaintiff. You tell me what it means, or you can just continue to 'assume' . . . ." Not surprisingly, Westbrook failed to appear for his deposition.

Keihin now asks the Court to dismiss this case pursuant to Federal Rule of Civil Procedure 37(d) as a sanction for Westbrook's failure to appear. While it may be within the Court's discretion to do so, the Court declines to use dismissal as a sanction of first resort in this case. However, let the Court be as clear as possible: Westbrook filed this case, and if he is not willing to fulfill his discovery obligations and deal with defense counsel in a civil manner, the Court will not hesitate to dismiss the case, with prejudice, as a sanction now that he has been warned.

Keihin may notice Westbrook's deposition for a date and time convenient to it; it need not attempt to coordinate Westbrook, but shall give him at least 14 days' notice. **If Westbrook fails to appear for his deposition or fails to participate in the deposition in a reasonable and civil manner, the Court will not hesitate to impose the sanction of dismissal with prejudice.** The Court takes the issue of the propriety of imposing monetary sanctions on Westbrook for his failure to appear under advisement pending the conclusion of this litigation.

Finally, the Court notes that certain deadlines and discovery have been stayed pending the resolution of this motion. New deadlines will be established at a status conference with

9

Magistrate Judge Lynch, to be scheduled at her earliest convenience. Keihin may proceed with Westbrook's deposition in the meantime.

    SO ORDERED: 12/5/14

                                              _____
                                              Hon. William T. Lawrence, Judge
                                              United States District Court
                                              Southern District of Indiana

**Copy by United States Mail to:**

**Curtis Westbrook**
**1113 East 6th St.**
**Muncie, IN  47302**

Copies to all counsel of record via electronic filing